IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

Case No.: 1:14-cv-

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY AND REPUBLIC- FRANKLIN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SI ENTERPRISES, INC., f/k/a RB's GAS, INC., FEDERAL INSURANCE COMPANY, OMEGA FLEX, INC., S. FOX ELECTRIC, LLC, <br><br> Defendants | **DECLARATORY JUDGMENT COMPLAINT** |

**NOW COME** the Plaintiffs, Graphic Arts Mutual Insurance Company (hereinafter "Graphic Arts") and Republic-Franklin Insurance Company (hereinafter "Republic-Franklin") by and through their undersigned attorneys and for this Declaratory Judgment Complaint against Defendants allege and say:

1. Graphic Arts is a New York Corporation with its principal place of business in the State of New York and is authorized to conduct business in the State of North Carolina. It conducts business in Buncombe County, North Carolina.

2. Republic-Franklin is an Ohio Corporation with its principal place of business in the State of New York and is authorized to conduct business in the State of North Carolina. It conducts business in Buncombe County, North Carolina.

3. RB's Gas, Inc, (hereinafter "RB's") was an Oklahoma corporation with its principal business office in Buncombe County, North Carolina.

4. Upon information and belief, in July 2012 as part of an assets purchase

agreement RB's sold certain assets only and the good will of the business to include use of the name "RB's Gas" to a company named NGL Supply Retail, LLC. NGL Supply Retail, LLC took possession of the principal business office previously occupied by the entity formerly known as RB's Gas, Inc.

5. Upon information and belief, simultaneously in connection with the aforementioned asset purchase agreement, RB's modified its Articles of Incorporation in the State of Oklahoma to change its name to SI Enterprises, Inc., (hereinafter "SI").

6. Federal Insurance Company (hereinafter "Federal") is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Federal conducts business in Buncombe County, North Carolina.

7. Omega Flex, Inc., (hereinafter "Omega") is a Pennsylvania Corporation with its principal place of business in Pennsylvania. Omega does business in Buncombe County, North Carolina.

8. S. Fox Electric, LLC (hereinafter "Fox") is a North Carolina Corporation with its principal place of business in Buncombe County, North Carolina.

## JURISDICTION

9. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.*

11. Plaintiffs seek a declaration by this Court concerning their rights and obligations

under policies of insurance issued to RB's with respect to a lawsuit for damage to real property filed by Defendant Federal attached hereto as **Exhibit A** and cross-claims filed by Omega (**Exhibit B)** and Fox (**Exhibit C**).

## VENUE

12. This action properly lies in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(c) and (d).

13. The underlying lawsuit filed by Federal (**Exhibit A**) is filed in this Court.

## FACTUAL BACKGROUND

14. Graphic Arts issued a policy of commercial insurance to RB's, policy number CPP 292-0819, with a policy period of October 27, 2011 to October 27, 2012. A true and accurate copy of the policy of insurance is attached hereto as **Exhibit D**.

15. Republic-Franklin issued a policy of commercial umbrella insurance to RB's, policy number CULP 3362007, with a policy period of October 27, 2011 to October 27, 2012. A true and accurate copy of the policy of insurance is attached hereto as **Exhibit E**.

16. On July 19, 2012 RB's cancelled its policies of insurance with plaintiffs.

17. Mr. Brian Jones had a residence constructed at 27 Samuel Ln., Candler, NC 28715 (Exhibit A, ¶ 12).

18. The Jones residence was substantially completed on or after October 30, 2007 (Exhibit A, ¶ 13).

19. The Jones residence was constructed with a natural gas distribution system consisting in part of corrugated stainless steel tubing (CSST) (Exhibit A, ¶ 17).

20. In its Amended Complaint in the underlying action Federal alleges that on April 12, 2013, during a thunderstorm, lightning struck at or near the Jones residence, came into contact with the CSST, and resulted in a fire destroying the Jones residence (Exhibit A, ¶¶ 66-67).

21. At the time of the fire Federal was the homeowners insurance carrier for Jones (Exhibit A, ¶ 16).

22. As a result of the fire Jones made a claim to Federal for the fire loss and Federal reimbursed him for the damages in an amount in excess of $75,000 (Exhibit A, ¶ 70).

23. Under a subrogation theory Federal filed the underlying lawsuit against RB's, SI, Omega and Fox seeking to recover sums paid to Jones (Exhibit A, ¶ 72).

24. In its Amended Complaint Federal alleges that RB's was a subcontractor during the construction of the Jones residence for the purpose of providing gas piping (Exhibit A, ¶ 103).

25. Federal alleges that during the construction phase of the Jones residence RB"s was negligent in that it:

    a. failed to inspect and supervise the work of its employees or subcontractors;

    b. failed to coordinate the work of its agents with that of other subcontractors;

    c. failed to define the task and responsibilities of its agents and workmen;

    d. failed to inspect the design and construction work of its agents and workmen;

e. failed to conduct research of the potential hazards associated with CSST;

f. failed to ensure the CSST system was properly installed;

g. failed to design and build the Jones home with a proper electrical system;

h. failed to design and build the Jones home with a proper gas system;

i. utilized inappropriate or unacceptable components;

j. failed to warn the owners of the substantial risk of fire;

k. failed to provide the owners with a home that was capable of withstanding damage resulting from lightning;

l. allowed the addition of an outdated segment of CSST;

m. failed to do those things necessary to avoid an unreasonable risk of harm to the real property;

n. failed to comply with applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices;

o. otherwise failed to use due care under the circumstances (Exhibit A, ¶ 108).

26. RB's negligence is alleged to have been a proximate cause of the fire and resulting damage to the Jones residence (Exhibit A, ¶ 110).

27. In its is Amended Complaint, Federal, alleges in the alternative that RB's breached its construction subcontract to which Jones was intended third-party beneficiary (Exhibit A, ¶¶ 125-127).

28. The allegations of negligence against RB's are asserted against and implied to SI as the successor in interest (Exhibit A, ¶ 130).

29. The allegations of breach of contract against RB's are asserted against and

implied to SI as the successor in interest (Exhibit A, ¶ 134).

30. By way of cross-claim Omega seeks indemnification or contribution from RB's and/or SI for damages to the Jones residence (Exhibit B, p 45).

31. By way of cross-claim Fox seeks indemnification or contribution from R.B's and/or SI for damages to the Jones residence (Exhibit C, p 32).

32. RB's and/or SI has placed plaintiffs on notice of the above referenced suit and cross-claims seeking a defense and indemnification under policies of insurance issued to R.B's.

33. Plaintiffs are providing a defense pursuant to a Reservation of Rights to RB's and SI to the Federal suit and the related cross-claims.

## POLICY LANGUAGE

34. The Graphic Arts Commercial Policy issued to RB's contains the following insuring language:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or quote property damage" to which this insurance applies.

   . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) the "bodily injury" or quote property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) the "bodily injury" or "property damage" occurs during the policy period.;

35. The Graphic Arts Commercial Policy issued to RB's contains the following exclusion regarding contractual liability:

   b. Contractual Liability

   "Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

36. The Graphic Arts Commercial Policy issued to RB's contains the following exclusions regarding the work or products of RB's:

   k. Damage to your Product

   "Property damage" to "your product" arising out of it or any part of it.

   l. Damage to Your Work

   "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

   This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

   m. Damage to Impaired Property or Property not Physically Injured

   "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   (1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

   (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

   n. Recall of Products, Work or Impaired Property

   damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment,

removal or disposal of:

(1) "your product";

(2) "your work"; or

(3) "impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

37. The Graphic Arts commercial policy issued to RB's contains the following definition of an insured:

SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

. . .

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

. . .

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company" or your managers "if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.…

…

3. Any organization you newly acquired or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

b. Coverage A does not apply to "bodily injury" or "property damage" had occurred before you acquired or form the organization; and

c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or form the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

38. The Graphic Arts commercial policy issued to RB's contains the following relevant definitions:

8. "Impaired property" means tangible property other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract agreement.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

21. "Your product":

a. Means:

(1) any goods or products, other than real property, manufactured, sold, handled distributed Ward disposed of by:

(a) You:

(b) others trading under your name; or

22. "Your work":

a. Means;

(1) work or operations performed by you or on your behalf; and

(2) materials, parts or equipment furnished in connection to such work or operations.

b. Includes:

(1) warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2) the providing of or failure to provide warnings or instructions.

39. The commercial umbrella policy (Exhibit E) issued by Republic-Franklin to RB's lists    the above cited Graphic Art's commercial liability policy (Exhibit D) as the underlying general liability coverage.

40. The umbrella policy contains the following insuring language:

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury or property damage" to which this insurance applies.…

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) the "bodily injury" or "property damage" occurs during the policy period;…

41. The umbrella policy issued by Republic-Franklin contains identical exclusions,

definitions of an insured, and policy definitions as cited above contained in the Graphic Arts commercial liability policy.

42. The umbrella policy contains the additional relevant policy definitions:

   19. "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

   23. "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternative dispute method entered into with our consent or the underlying insurer's consent.

   24. "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

   25. "Underlying insurer" means any insurer who provides any policy of insurance listed in the Schedule of "underlying insurance".

## DECLARATORY RELIEF SOUGHT

43. Plaintiffs incorporate by reference their allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. The damage caused to the Jones residence was caused by a single occurrence that took place on the day of the lightning strike and resulting fire on April 12, 2013.

45. Under the insurance policies at issue in this case, coverage is triggered by property damage when the property damage is caused by an occurrence and when the property damage occurs during the policy period.

46. Both the commercial policy and umbrella policy terminated upon cancellation on July 19, 2012.

47. In the alternative, at the very latest both the commercial policy and the umbrella policy terminated coverage upon the expiration of their stated policy periods on October 27, 2012.

48. All damages sought against RB's by Federal in the underlying Amended Complaint or the additional defendants by way of cross-claim arise solely from the fire occurring on April 12, 2013.

49. No portion of the property damage to the Jones residence caused by the fire occurred during the policy periods of either the Graphic Arts commercial policy or the Republic-Franklin umbrella policy issued to RB's.

50. Neither the Graphic Arts commercial policy nor the Republic-Franklin umbrella policy provide coverage for any of the damages, indemnification or contribution sought from RB's in the Amended Complaint (Exhibit A) or related cross-claims (Exhibits B and C).

51. Plaintiffs do not owe RB's a duty to defend it or its successor in interest, SI, from the lawsuit filed by Federal (Exhibit A) or the related cross-claims filed by Omega and Fox (Exhibits B and C).

52. In the alternative, the damages sought by Federal against RB's or the indemnification sought by Omega and Fox are barred by one or more of the policy exclusions contained in the commercial and umbrella policies.

53. SI is not an insured under either the commercial or umbrella policies issued by plaintiffs to RB's.

54. RB's and SI have a real and genuine interest in this declaratory judgment action as they have requested both liability insurance protection and a defense to the claims made against them in the underlying lawsuit pursuant to the policies issued by plaintiffs.

55. Federal, Omega, and Fox have a real and genuine interest in the determination of plaintiffs' rights and duties under the aforementioned policies issued to RB's in that they have each sought to recover from RB's damages that may be covered under the aforementioned insurance policies.

56. A genuine, actual and justiciable controversy between and among the parties to this action has arisen, and presently exists concerning coverage afforded pursuant to the policies at issue and plaintiffs are entitled to a declaratory judgment as to their obligations to provide liability coverage and a duty to defend RB's under the policies attached hereto.

57. Plaintiffs hereby allege and contend that they are entitled to a judgment declaring and adjudging that they are not obligated to provide liability coverage or a defense to RB's and SI for the suit, damages, interest, costs or fees arising out of any award than that may be made to defendants Federal, Omega, or Fox pursuant to any claims or cross-claims arising out of the underlying action.

**WHEREFORE,** the Plaintiffs pray to the Court, as follows:

1. That declaratory judgment be entered adjudging and decreeing that the policies of insurance provided by plaintiffs do not provide a duty to defend or liability coverage to RB's or SI for any suits, damages, interest, costs or fees that might be awarded to defendants pursuant to their claims in the underlying action;

2. That the costs of this action be borne by some other party than plaintiffs; and

3. For such other and further relief as the Court may deem just and proper.

This the 21st day of May, 2014.

                              CLAWSON & STAUBES, PLLC

                              <u>s/Andrew J. Santaniello</u>
                              Andrew J. Santaniello
                              NC Bar No. 23532
                              756 Tyvola Road, Suite 130
                              Charlotte, North Carolina 28217-3535
                              (704) 940-9128
                              asantaniello@clawsonandstaubes.com
                              Attorney for Plaintiffs